IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WAYLON D. PERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 02-PT-1116-S |
| | ) |
| WARDEN STEPHEN BULLARD, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

    This is a civil action pursuant to 42 U.S.C. § 1983 filed by the plaintiff, Waylon Perry, on May 1, 2002, alleging that his constitutional rights were violated while he was incarcerated at W.E. Donaldson Correctional Facility in Bessemer, Alabama. The plaintiff names Lt. Keene and Capt. Myers as defendants.[1] He contends that the defendants violated his right to be free from cruel and unusual punishment. As compensation for the alleged constitutional violations, the plaintiff seeks monetary damages. On April 2, 2003, a magistrate judge of this court entered a report and recommendation, recommending that the defendants' motion for summary judgment be granted. (Doc. 16). The plaintiff filed objections to the report and recommendation on April 17, 2003. (Doc. 17).

    Having carefully reviewed and considered *de novo* all the materials in the file, including the report and recommendation and the objections thereto, the court is of the opinion that the magistrate judge's findings of fact are due to be and are hereby adopted. Moreover, his conclusions of law and his recommendations that the defendants' motion for summary judgment is due to be granted are due to be and are hereby accepted with one amendment affecting only the

---

[1] The claim against the only other defendant, Warden Stephen Bullard, was dismissed on July 15, 2002.

conclusions of law related to the issues surrounding the lack of a mattress during plaintiff's stay in the barbershop. Said amendment does not affect this court's acceptance of all other aspects of the magistrate judge's conclusions of law and his recommendations.

The plaintiff's allegations that he was forced to (1) lie on the floor (2) in full body cuffs (3) for 36 hours straight (4) without a mattress are facts which the magistrate judge properly viewed in a light most favorable to the plaintiff. As such, when compared to the defendants' version of events, the magistrate judge recommended that a genuine issue of material fact existed with regard to the objective element of plaintiff's claims of cruel and unusual punishment. However, there are other facts, when combined with the plaintiff's own evidence, his failure to dispute various aspects of the defendants' special report, and his failure to dispute options available to him other than lying on the floor, as posed by the magistrate judge in his report and recommendation, which belie the plaintiff's assertion that he was forced to lie on the floor for 36 straight hours under the restrictions.

First, it is obvious that the plaintiff did not lie in the floor for 36 straight hours because he was taken to the restroom on numerous occasions, fed three meals per day, and his witness attested that he saw the plaintiff seated in one of the chairs in the barbershop at approximately 8:30 p.m. one evening. While these "breaks" don't necessarily abrogate constitutional concerns associated with the plaintiff's allegations, they are not inconsequential either, and must be considered by this court.

Second, the plaintiff does not deny that the defendants never prevented him from sitting or sleeping in a barber chair, walking about in the barbershop, or possessing a blanket to warm himself. Instead, the plaintiff argues that it was not necessary for him to ask for (and necessarily be denied) a mattress from these defendants in order for him to satisfy his cruel and unusual

2

punishment claim because the defendants' adherence to a constitutionally deficient "no mattress" policy establishes an objective deprivation and deliberate indifference in and of itself. The plaintiff's assertions are incorrect. Even when this court accepts that the plaintiff was not provided a mattress and that it was a matter of policy to deny inmates such while in the barbershop for observation, the lack of a mattress, when properly viewed with all other circumstances as described above, does not state a claim that the plaintiff was individually, or as a matter of policy, subjected to an objectively serious deprivation of constitutional proportion.

Accordingly, the court finds that the motion for summary judgment filed by defendants Keene and Myers is due to be granted. There are no genuine issues of material fact showing that defendants Keene and Myers subjected the plaintiff to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. Defendants Keene and Myers are entitled to judgment as a matter of law. The plaintiff's claims are due to be dismissed with prejudice.

An appropriate order will be entered.

**DONE**, this 27TH day of May, 2003.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE